*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re NOBLE, Minors.

UNPUBLISHED
May 7, 2020

No. 351033
St. Clair Circuit Court
Family Division
LC No. 18-000225-NA

Before: M. J. KELLY, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

Respondent-mother appeals as of the right the trial court's order terminating her parental rights to her children, SN and AN. We affirm.

The trial court obtained jurisdiction over the minor children based upon respondent's admission to allegations in the Department of Health and Human Services' (DHHS) petition that respondent's past and current substance abuse has impacted her ability to parent her minor children; respondent consented to jurisdiction. At a later hearing to terminate respondent's parental rights, evidence was presented that during the course of the proceedings respondent had engaged in criminal behavior, missed a significant number of visits with the children, had failed to obtain employment or suitable housing, and failed to adequately address her substance abuse. The trial court ultimately terminated respondent's parental rights pursuant to MCL 712A.19b(3)(c)(i), (g), and (j).

On appeal, respondent argues that the trial court erred in finding that the statutory grounds to terminate her parental rights to her children had been met because respondent simply needed more time to complete the recommended programs, and she had a support system. We disagree.

In order to terminate an individual's parental rights, a trial court must find that a statutory ground has been established by clear and convincing evidence. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). This Court reviews the trial court's findings regarding the statutory termination grounds, and the trial court's ultimate decision to terminate parental rights, for clear error. MCR 3.977(K); *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App at 80. (citation and quotation marks omitted).

-1-

Parental rights may be terminated under MCL 712A.19b(3)(c)(*i*), which provides that a court may terminate parental rights if it finds, by clear and convincing evidence, the following:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

There is no dispute that "182 days or more have elapsed since the issuance of an initial dispositional order" under MCL 712A.19b(3)(c). In addition, the primary condition that led to the children being placed in care at the beginning of this case was respondent's substance abuse. AN was born addicted to drugs and suffered withdrawals after birth. While AN was still in the hospital, respondent suffered a drug overdose. Thus, the parent-agency agreement entered in this matter required respondent to attend counseling, inpatient treatment, and AA/NA. Respondent was also required to undergo drug screens and obtain employment and suitable housing. Evidence at the termination hearing established that respondent did not attended inpatient treatment, or attend AA/NA meetings. Respondent also failed, multiple times, to complete a drug rehabilitation program and failed to appear for all but two scheduled drug screens and tested positive for screens she did take. Respondent further had not obtained employment or adequate housing. In addition, respondent's failure to consistently appear for parenting time visits caused significant distress to SN, resulting in him pulling out his hair and experiencing anger issues. Respondent's lack of progress, including failing to attend parenting time visits, failure to complete a rehabilitation program, or submitting to drug screens, demonstrated that she could not rectify her addiction or provide consistency for the children in a reasonable amount of time. There was thus clear and convincing evidence presented to support the termination of parental rights pursuant to MCL 712A.19b(3)(c)(i).

Although "[o]nly one statutory ground need be established by clear and convincing evidence to terminate" a respondent's parental rights, *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011), clear and convincing evidence also existed to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(j). That subsection provides grounds for the court to terminate a respondent's parental rights if it finds, by clear and convincing evidence,

> [t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

In determining that there was a statutory basis to terminate respondent's parental rights under MCL 712A.19b(3)(j), the trial court considered that returning a child to the home of a parent addicted to controlled substances would "clearly" be harmful. The court further noted that respondent demonstrated throughout this case that she could not comply with the requirements necessary to get her children back. Although she was afforded many opportunities to show that she was addressing her addiction, she failed to submit to drug screens, attend rehabilitation, or consistently attend visitations with her children. She also engaged in criminal behavior during the proceedings.

-2-

The court specifically considered AN's and SN's special needs, and that they would likely be harmed in the care of respondent if respondent did not consistently meet the high level of care the children required, including taking the children to multiple appointments on a consistent basis. The court also pointed out that AN's and SN's special needs occurred as a result of respondent's use of controlled substances while she was pregnant with them. We are satisfied that the trial court did not clearly err by finding that there was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(j).

We are also satisfied that, contrary to respondent's argument otherwise, the trial court did not clearly err by finding that termination of respondent's rights was in the children's best interests. "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). "[W]hether termination of parental rights is in the best interest of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. This Court reviews the trial court's ruling that termination is in the child's best interests for clear error. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011). In reviewing a determination of the best interests of the child, this Court "focus[es] on the child rather than the parent." *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016).

In making a best interest evaluation, "[t]he trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). A trial court may consider a number of factors in determining whether termination of parental rights is in the child's best interest, including: the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). In addition, the trial court may also consider "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714.

Here, respondent failed to demonstrate she could provide the children with safety and consistency. Despite numerous attempts at sobriety, she was unable to overcome her drug addiction. Both children were exposed to this drug abuse—AN was born addicted to drugs and SN was present during respondent's drug overdose. Respondent was never able to establish a suitable home for either child and was without income to support them. As the trial court found, respondent was unable or unwilling to provide the children with the security and stability that they needed. The court also considered that neither SN nor AN seemed to be particularly bonded to respondent; AN had never resided with respondent, and any bond SN had with respondent only resulted in difficulty and distress for SN when respondent failed to show up to parenting time visits. The children had developed a strong bond with their foster parents, and were in a home that provided stability that was beneficial to the children.

While it is true that respondent voluntarily enrolled in courses and a 12-step program during her incarceration in an effort to demonstrate her strides toward sobriety, throughout the entirety of this case she failed to attend many of the parenting time visits, to submit to numerous drug screens, or to make progress in a rehabilitation program. Thus, she has not demonstrated a

willingness or ability to address her drug use, housing, or employment situations while *not* incarcerated despite numerous opportunities to do so. Respondent failed to comply with her parent-agency agreement almost without exception. And, while respondent argues that she should have been given more time to participate in services and demonstrate that she should have custody of her children, the children have been outside of her care for over a year with a multitude of services offered and not followed. Given the children's young ages and special needs, they deserve permanency and stability.

Affirmed.

/s/ Michael J. Kelly
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto